Keith D. Lapuyade
Steven R. Schumacher
GODFREY & LAPUYADE, P.C.
9557 S. Kingston Court
Englewood, CO 80112
303-228-0700
Fax:  303-228-0701
schumacher@godlap.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.
_____

**SUZANNE M. STASKO ROBINSON,**

     Plaintiff,

v.

**DENNIS LEE TERWILLEGER,
TRUCKING EQUIPMENT COMPANY, INC., and
TECH LOGISTICS CORPORATION D/B/A SYSTEMS LOGISTICS**

     Defendant.
_____

### COMPLAINT AND JURY DEMAND
_____

Plaintiff Suzanne Stasko Robinson, by and through counsel, GODFREY & LAPUYADE, P.C., for her Complaint and Jury Demand against Defendants Dennis Lee Terwilleger and Trucking Equipment Company, Inc., states, alleges and avers as follows:

### I. PARTIES AND JURISDICTION

1.     Plaintiff is, and at all relevant times was, a citizen of the State of Colorado.

2. Defendant, Dennis Terwilleger (hereinafter "Terwilleger"), is an individual, who, upon information and belief, resides in the State of California. His last known address is 316 West Moyer Street, Ridgecrest, California 92544.

3. Defendant, Trucking Equipment Company, Inc. (hereinafter "Trucking Equipment Company"), upon an information and belief, is the owner of the truck which Defendant Terwilleger was driving at the time of the collision which forms the basis of this Complaint. Defendant Trucking Equipment Company, upon and information and belief, has its principal place of business located in the State of California, at 340 North Grant Street, Corona, California 92878.

4. Defendant, Tech Logistics Corporation d/b/a System Logistics (hereinafter "System Logistics"), upon information and belief, is the owner of the trailer which Defendant Terwilleger was hauling at the time of the collision. Upon information and belief, System Logistics has its principal place of business located in the State of Minnesota, at 965 Aldrin Drive, Egan, Minnesota 55121.

5. This Court has jurisdiction in this matter in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of the State of Colorado, the Plaintiff, and citizens of California and Minnesota, the Defendants. Therefore, under 28 U.S.C. § 1332, there is diversity of citizenship.

6. The event giving rise to the claim set forth herein occurred within the District of Colorado, and Defendants are therefore subject to personal jurisdiction in the District of Colorado, in that they committed acts here and transacted business here, each of which is sufficient to impose *in personam* jurisdiction in Colorado.

## II. GENERAL ALLEGATIONS

7. Plaintiff realleges and reincorporates by reference all other allegations contained within this Complaint.

8. On February 6, 2008, Plaintiff was injured when the automobile she was driving was struck by a vehicle being driven by Defendant Terwilleger. This accident occurred on Colorado Interstate 70, near milepost 153, in Eagle County, Colorado.

9. At the time of the collision, Defendant Terwilleger was acting as an agent, employee, and/or representative of Trucking Equipment Company and/or System Logistics.

## III. FIRST CLAIM FOR RELIEF
### (NEGLIGENCE – DEFENDANT TERWILLEGER)

10. Plaintiff realleges and incorporates by reference all other allegations contained within this Complaint.

11. On February 6, 2008, at approximately 2:40 p.m., the time of the collision, Defendant Terwilleger was operating his vehicle in a negligent and careless manner, resulting in a collision between his vehicle and the automobile being driven by Plaintiff.

12. At the time of the collision, Plaintiff was operating her vehicle in a reasonable and prudent manner, given the conditions which existed at the time of the collision.

13. Defendant Terwilleger was negligent and careless in several respects, including, but not limited to the following: (a) Defendant Terwilleger failed to maintain a safe and proper distance between his vehicle and Plaintiff's vehicle; (b) Defendant Terwilleger failed to maintain a proper lookout; and (c) Defendant Terwilleger failed to operate his vehicle in a reasonable and prudent manner under the attendant circumstances.

14. Furthermore, it is presumed under Colorado law that Defendant Terwilleger was negligent, since Defendant Terwilleger hit Plaintiff's vehicle in the rear. *See, e.g, Dilts v. Baker*, 427 P.2d 882 (Colo. 1967).

15. As a direct and proximate result of the negligent acts and/or omissions of Defendant Terwilleger, Plaintiff sustained serious bodily injuries which have necessitated, and will continue to necessitate, extensive medical treatment.

16. As a further direct and proximate result of the negligent acts and/or omissions of Defendant Terwilleger, Plaintiff has in the past and will in the future endure both economic and non-economic losses, physical pain and suffering, mental anguish, physical impairment and disfigurement, and a permanent impairment in the quality of her life.

### IV. SECOND CLAIM FOR RELIEF
### (*RESPONDEAT SUPERIOR* – TRUCKING EQUIPMENT COMPANY AND SYSTEM LOGISTICS)

17. Plaintiff realleges and incorporates by reference all other allegations contained within this Complaint.

18. At the time of the collision resulting from the negligent acts and/or omissions of Defendant Terwilleger, Defendant Terwilleger was acting as an agent, employee, and/or representative of Trucking Equipment Company and/or System Logistics.

19. Trucking Equipment Company and/or System Logistics are therefore liable to Plaintiff under the doctrine of *respondeat superior*. As a direct and proximate result of the acts and/or omissions of Defendant Terwilleger, for which Defendant, Trucking Equipment Company and/or System Logistics are liable, Plaintiff has in the past and will in the future endure both

economic and non-economic losses, physical pain and suffering, mental anguish, physical impairment and disfigurement, and a permanent impairment in the quality of her life.

WHEREFORE, Plaintiff respectfully requests that Defendants be summoned to appear and answer herein, and that upon trial, Plaintiff be granted judgment and awarded damages sufficient to compensate her for her general and special damages to be determined by the trier of fact, plus costs, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

Plaintiff demands trial by a jury of six persons on all issues so triable.

Respectfully submitted this 25th day of November, 2009.

                                              GODFREY & LAPUYADE, P.C.

                                              s/ Steven R. Schumacher
                                              Steven R. Schumacher
                                              *Attorneys for Plaintiff*
                                              GODFREY & LAPUYADE, P.C.
                                              9557 S. Kingston Court
                                              Englewood, Colorado  80112
                                              Phone:  (303) 228-0700
                                              Fax:     (303) 228-0701
                                              E-mail:  schumacher@godlap.com

**Plaintiff's Address:**

2830 South Hudson Street
Denver, CO 80222